## MARY PRICE AND REBECCA FOREMAN, ADM'RS,

### v.

## THE AMERICAN BIBLE SOCIETY AND THE MISSIONARY SOCIETY OF THE M. E. CHURCH OF THE UNITED STATES.

*Corporations—Service of Process—Publication—Sec. 5, Practice Act—Proceedings* in Rem.

In an action in assumpsit against non-resident corporations, it is improper to sustain a motion to quash service because obtained by publication.

[Opinion filed October 19, 1888.]

APPEAL from Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. G. & G. A. KOERNER, for appellants.

Mr. GEO. P. STRONG, for appellees.

REEVES, J. This is an action of assumpsit. The defendant corporations being non-residents of this State, and having no agents of any kind upon whom service of summons could be made, the writ was returned with this indorsement by the sheriff:

" This writ is returned not served, no president, clerk, secretary, superintendent, general agent, cashier, principal or any agent of the within named American Bible Society and Missionary Society of the Methodist Episcopal Church being found in my county."

Thereupon the plaintiffs filed an affidavit, setting forth that

the American Bible Society and the Missionary Society of the Methodist Episcopal Church are non-residents of the State of Illinois, and reside in the city of New York, State of New York; that a summons had been issued to the sheriff of St. Clair county in the cause, and returned indorsed as above set forth. Publication was then made under Sec. 5 of the practice act, and in due time proof made of such publication and the mailing of copies of the same to the Bible Society and the Missionary Society, at New York City, New York.

The defendants moved the court to quash the service by publication, limiting their appearance to the purpose of said motion, which motion was sustained by the court below. To which plaintiffs excepted, and the plaintiffs declining to proceed further with the case, it was dismissed by the court. By appeal appellants, plaintiffs below, bring the case to this court.

Sec. 5 of the practice act reads as follows:

"An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any agent of said company found in the county, and in case the proper officer shall make return upon such process that he can not find in his county any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any other agent of said company, then such company may be notified by publication and mail in like manner and with like effect as is provided by Secs. 12 and 13 of an act entitled: "An act to regulate the practice in courts of chancery," approved March 15, 1872.

It is conceded that appellants complied strictly with this section in bringing the appellees into court by publication. It is contended, however, that this provision of the statute only relates to proceedings *in rem*, and if intended for any other case, is unconstitutional and void. The first contention is based upon the fact, as claimed, that only in a proceeding *in*

*rem* could any judgment be rendered upon such a service, and as to the second point, it is argued that if any judgment should be rendered upon such a service, except in a proceeding *in rem*, it would be unconstitutional and void, and therefore the statutory provisions authorizing it would be unconstitutional and void. What judgment, if any, could be rendered upon the service had in this case, does not seem to us to be the question presented here for decision. Was the service by publication properly quashed?

This is the only question presented by this record. Whether upon the hearing such a case could be made as would authorize a judgment against appellees, can not now be determined, because we can not know what the case made will be.

We think the Circuit Court erred in quashing the service. The case is reversed and the cause remanded.

*Reversed and remanded.*